HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
GRIFFIN ESTES, CA SBN #322095
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
JEREMY TODD GOUVEIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00290-KES |
| Plaintiff, | MOTION FOR EARLY TERMINATION OF PROBATION; ORDER |
| v. | |
| JEREMY TODD GOUVEIA, | Judge: Hon. Kirk E. Sheriff |
| Defendant. | _____ |

PLEASE TAKE NOTICE that as soon as counsel may be heard, in the courtroom of the Honorable Kirk E. Sheriff, United States District Judge for the Eastern District of California, defendant Jeremy Todd Gouveia, through counsel, Assistant Federal Defender Griffin Estes, will bring on for hearing the following motion for early termination of probation.

**MOTION**

Mr. Gouveia, by and through counsel, Assistant Federal Defender Griffin Estes, hereby moves this Court for an order terminating Mr. Gouveia's term of probation. This motion is made pursuant to 18 U.S.C. § 3564(c), Rule 32.1 of the Federal Rules of Criminal Procedure, and such other statutory and constitutional rules as may be applicable and is based upon the instant motion and notice of motion, the accompanying memorandum of points and authorities, the files and records in the above-captioned case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

Respectfully submitted,

Dated: April 16, 2026

HEATHER E. WILLIAMS
Federal Defender

*/s/ Griffin Estes*
GRIFFIN ESTES
Attorney for Defendant
JEREMY TODD GOUVEIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I-  INTRODUCTION

Mr. Jeremy Todd Gouveia hereby moves the Court to terminate his term of probation pursuant to 18 U.S.C. § 3564(c). Mr. Gouveia has completed over a year of supervision. In fact, Mr. Gouveia has completed approximately half his term of probation with no issues. His probation officer, Mr. Dawkins, has been informed of the request and he has no objection to an early termination of Mr. Gouveia's probation.

After pleading guilty to transporting migrants, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), Mr. Gouveia was placed on three years of probation on October 29, 2024.  In December of 2024 his supervision was transferred to our district. Over the past 18 months, Mr. Gouveia has not suffered any violations of his probation. He has successfully completed nearly half of his supervision and complied with requirements related to drug testing and counseling. He has been gainfully employed and participating in prosocial conduct. In short, probation should be terminated in this matter because "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

### II-  APPLICABLE LAW

Pursuant to 18 U.S.C. § 3564(c), "[t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant […] at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The Court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable in determining whether early termination is warranted. In determining whether early termination is appropriate, the Court should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner; the United States Sentencing Guidelines; any pertinent policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense.

Lastly, Rule 32.1(c) of the Federal Rules of Criminal Procedure provides that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c). There are exceptions to the hearing requirement, including if the person waives the hearing or if the relief is favorable to the defendant and the government does not object. *Id*. If the government is not opposing Mr. Gouveia's motion for early termination, and this Court is inclined to grant the relief requested herein, a hearing would not be required or requested.

**III-    MR. GOUVEIA SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION OF HIS PROBATION.**

Mr. Gouveia is an appropriate candidate for early termination of his probation. Over the past 18 months Mr. Gouveia has conducted himself in an honorable way, and most importantly, he has complied with all the terms of his supervision. He has demonstrated a willingness and capability to remain lawful beyond the terms of supervision. While on supervision, he has engaged in appropriate prosocial activities and has gained support from his community.

Pursuant to 18 U.S.C. § 3564(c), this court should consider the underlying offense in determining whether to terminate probation early. Although this case is serious, it's notable that the offense does not involve the use of force or violence, does not involve controlled substances or weapons. The underlying case involves the transportation of migrants. The PSR indicates that on July 25, 2024, Mr. Gouveia and another man arranged to pick up two migrants in the desert and drive them to Phoenix. Mr. Gouveia was stopped and then arrested. Approximately 2 weeks later, Mr. Gouveia, who was released from custody at that point, entered a guilty plea to transporting migrants, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii). At the time of his sentencing, the guidelines recommended a sentence of between 0-6 months. Moreover, the guidelines recommended a term of probation between 1-5 years.

In determining whether to terminate probation early, the Court should consider the characteristics of the defendant. Mr. Gouveia has a now-dated criminal history. Aside from the instant offense, Mr. Gouveia has been without any arrests for over a decade. Moreover, Mr. Gouveia positive contributions and attitude have made a mark in the community. Indeed, two police officers from his community have come to know Mr. Gouveia and have written character letters in his support. *Attachment A – Character Letters.* As indicated by those officers, Mr. Gouveia has been cooperative with law enforcement and he's made sincere efforts to move on from this offense. He's been forthcoming with his community about his underlying offense.

Mr. Gouveia has successfully reintegrated into the community, therefore additional time of probation does not provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. Mr. Gouveia has been gainfully employed at Dollar General in his hometown. His supervisors at his job speak highly of him. For instance, the assistant manager at the store he works at wrote: "Jeremy is always asking to help out and try new things to improve his skills. I can confirm he is very dedicated to his family, and work always ready to help out in every which way he can." *Id*.

The goal of protecting the community is satisfied by his demonstrated reintegration into the community. He has financial and familial stability. Indeed, he is married and he is a homeowner. This stability at home demonstrates his reliability going forward. His wife works at In-n-Out, and she is hoping to move forward in her career path by taking a job helping open a new restaurant in another judicial district. Mr. Gouveia is hoping to follow his wife and move to a different judicial district without the logistical challenges of doing so while on probation, so that he and his wife pursue better economic opportunities. His current employer is aware of these plans. Mr. Gouveia has also informed his probation officer of this.

He is now 54 years old. At the time of the underlying offense, Mr. Gouveia met the criteria for being a zero-point offender. PSR, ¶ 21. Although Mr. Gouveia has a prior criminal history, it is dated – his last conviction occurred in 2007. PSR, ¶ 35. In this case, he demonstrated responsibility quickly, and he has shown remorse. He entered a guilty plea to the offense charged in this case less than a month after his arrest. PSR, ¶ 1. Mr. Gouveia performed

well while on pretrial release. While on supervision, Mr. Gouveia has satisfied his financial obligation, he has been employed at Dollar General throughout supervision and is no longer in mental health counseling as his counselor reported him doing well. Mr. Gouveia is not using drugs or alcohol. He does not suffer from an active substance abuse issue. Although Mr. Gouveia had one positive drug test while on supervision, he was forthcoming with his supervision officer about the issue, and he has otherwise remained drug-free. There are no recent psychiatric episodes to speak of. He does not pose a risk to any specific identifiable victim. He also does not pose a risk to the community. Since being arrested for this offense, Mr. Gouveia has been a productive member of our community.

Mr. Gouveia is squarely within the category of supervisees who may be granted early termination. Mr. Gouveia satisfies all statutory factors set forth for early termination.  He has completed the statutorily required year of his supervision – he's completed half of his term. He has incurred no violations of probation.  Mr. Gouveia has no need for programming or treatment. Mr. Gouveia has demonstrated he can live in the community as a successful, independent, working person. Early termination of probation would serve the interest of justice by allowing Gouveia to pursue better employment opportunities in another judicial district, which would further his rehabilitation and reintegration into society. His desire to relocate with his wife to a different social environment demonstrates his commitment to making positive life changes and distancing himself from negative influences. The purposes of probation have been satisfied in this case, as Mr. Gouveia has demonstrated compliance with all conditions, maintained stable employment, and shown a commitment to positive change.

Lastly, while on pretrial release, Mr. Gouveia did not suffer any violations either. This demonstrates that Mr. Gouveia took the charges and conviction in this case seriously. Since his offense in this case, Mr. Gouveia has been crime free. At the time of his sentencing, the probation department noted that the circumstances of the offense were not aggravated, recommending no jail time and a term of probation.

## IV-    CONCLUSION

For all of the above reasons, termination of probation is appropriate in this case. Since his term of supervision began, Gouveia has completed all terms and demonstrated a commitment to his rehabilitation and re-integration into the community. Furthermore, he has been employed and made positive impacts on his community members. Based on the foregoing, Mr. Gouveia respectfully requests that this Court grant his motion for early termination of probation.

Dated: April 16, 2026

HEATHER E. WILLIAMS
Federal Defender

*/s/ Griffin Estes*
GRIFFIN ESTES
Attorney for Defendant
JEREMY TODD GOUVEIA

**O R D E R**

Pursuant to 18 U.S.C § 3564(c), the Court hereby TERMINATES the term of probation imposed in this case and discharges Mr. Gouveia for the reasons set forth above.

IT IS SO ORDERED.

Dated:   April 23, 2026

_____
UNITED STATES DISTRICT JUDGE